In re Alexander V. STEIN, Debtor.

John H. MITCHELL, Trustee, Plaintiff,

v.

BURT & GORDON, P.C., an Oregon Professional Corporation, Robert G. Burt; Mark A. Gordon; Burt, Vetterlein & Bushnell, P.C., an Oregon Professional Corporation; Andrea L. Bushnell; Burt & Vetterlein, P.C., an Oregon Professional Corporation, Defendants.

BURT, VETTERLEIN & BUSHNELL, P.C., an Oregon Professional Corporation, Third–Party Plaintiff,

v.

George V. STEIN; Mark A. Gordon; Premium Technology, Inc., a North Carolina corporation; Premium Entertainment Network, Inc., a California corporation; and Premium T.V. International, Inc., a California corporation; and Alexander Stein, Third–Party Defendants.

Bankruptcy No. 392–33885–S7.
Adversary No. 92–3112–S.
Civil No. 93–438–FR.

United States District Court,
D. Oregon.

Nov. 14, 1997.

John S. Ransom, Michele L. Kohler, Ransom Blackman, Portland, OR, for Plaintiff John H. Mitchell, Trustee.

John Folawn, Stephen P. McCarthy, Lane Powell Spears Lubersky, Portland, OR, for Defendant Mark A. Gordon.

Michael O. Moran, Black Helterline, Portland, OR, for Defendants Burt & Vetterlein, P.C. and Robert G. Burt.

## OPINION AND ORDER

FRYE, District Judge.

The matter before the court is the trustee's petition for attorney fees (# 401).

## BACKGROUND

The plaintiff, John H. Mitchell, trustee, the prevailing party in this case, petitions the court for an award of attorney fees in the amount of $549,727.00 against the defendant, Burt & Gordon, P.C.

## CONTENTIONS OF THE PARTIES

Plaintiff Mitchell contends that he is entitled to an award of attorney fees pursuant to ORS. 20.096(1) based upon the verdict of the jury in his favor on the second claim for relief for breach of fiduciary duty. Plaintiff Mitchell contends that the second claim for relief was based upon the retainer agreement of June 8, 1988 between the defendant, Burt & Gordon, P.C., and its client, Alexander V. Stein, which provides for the payment of legal fees to the prevailing party in an action to enforce any provision of the retainer agreement.

Defendant Burt & Gordon, P.C. contends that plaintiff Mitchell is not entitled to an award of attorney fees because plaintiff Mitchell was not trying to enforce any provision of the retainer agreement. Defendant Burt & Gordon, P.C. contends that O.R.S. 20.096(1) does not apply because the second claim for relief for breach of fiduciary duty was a tort claim and not a contract claim.

## APPLICABLE LAW

O.R.S. 20.096(1) states:

> **Attorney fees and costs in proceedings to enforce contract.** (1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees....

The retainer agreement between Alexander V. Stein and Burt & Gordon, P.C. provides:

> [I]n the event that either you or Burt & Gordon, P.C., incurs any legal fees or costs to enforce any provision of this agreement, the prevailing party shall be entitled to recover its reasonable attorney fees and costs, including expert witness fees, at arbitration, at trial, and on appeal, from the other party.

The Oregon court has differentiated between a fiduciary duty based upon a special, non-contractual relationship and one based on a contractual relationship between the parties. *See, e.g., Georgetown Realty, Inc. v. Home Ins. Co.,* 313 Or. 97, 831 P.2d 7 (1992); and *Association of Unit Owners v. Far West Federal Bank,* 120 Or.App. 125, 852 P.2d 218 (1993). In *Georgetown Realty, Inc.,* the court concluded that an insured may bring a tort claim for negligence against an insurer even though a relationship may arise out of a contract because the relationship "carries with it a standard of care that exists independent of the contract and without reference to the specific terms of the contract." 313 Or. at 110–11, 831 P.2d 7.

**628**

### RULING OF THE COURT

Plaintiff Mitchell concedes that a claim for breach of fiduciary duty is viewed as a tort, but argues that here the claim for breach of fiduciary duty arises from the contract between the parties and is therefore subject to the provisions of O.R.S. 20.096(1). Defendant Burt & Gordon, P.C. contends that the claim for breach of fiduciary duty arose out of the attorney-client relationship and did not arise out of the contract between the parties.

The issue in this case is whether the second claim for breach of fiduciary duty arose from a special, non-contractual relationship or from a contractual relationship. In a prior ruling, this court concluded that the second claim for relief for breach of fiduciary duty arose from the relationship between the parties. *See* Opinion, January 17, 1997, p. 6. At trial, the court submitted the second claim for relief for breach of fiduciary duty to the jury with the instruction that "[t]he relationship between an attorney and a client is a fiduciary relationship in which the attorney owes the client the duty to act fairly, honestly and in good faith in all matters relating to the affairs of the client." Jury Instruction No. 17. The court finds that the special, non-contractual relationship between the lawyer and the client formed the basis for this tort claim and punitive damages.

The court finds that the second claim for relief for breach of fiduciary duty arose from the contract between Alexander V. Stein, the client, and defendant Burt & Gordon, P.C., his retained law firm. The provisions of O.R.S. 20.096(1) do not apply to the second claim for relief for breach of fiduciary duty in that that claim was not brought to enforce the retainer agreement.

### CONCLUSION

The petition of the trustee for attorney fees (# 401) is DENIED.

IT IS SO ORDERED.